**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CRUZ MARTINEZ-CASTILLO, | No. 10-71028 |
| Petitioner, | Agency No. A014-253-286 |
| v. | |
| ERIC H. HOLDER, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2011
Seattle, Washington

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and GONZALEZ,
Chief District Judge.**

Cruz Martinez-Castillo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Irma E. Gonzalez, Chief District Judge for the United
States District Court, District of Southern California, sitting by designation.

removal.  We have jurisdiction over the due process claim raised in the petition for review.  *Ramirez-Alejandre v, Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003) (en banc); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1270-71 (9th Cir. 2001).  We review those claims de novo.  *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005).  We deny the petition for review.

Due process "requires that aliens threatened with deportation are provided with the right to a full and fair hearing."  *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003) (internal quotation marks and citation omitted).  "A neutral judge is one of the most basic due process protections."  *Castro-Cortez v. INS*, 239 F.3d 1037, 1049 (9th Cir. 2001).

Martinez-Castillo's due process claim fails because the IJ did not demonstrate bias.  Counsel for each party presented evidence, without objection, related to Martinez-Castillo's vacated  rape conviction.  Yet the IJ explicitly refrained from relying on such evidence in reaching his decision, relying instead on Martinez-Castillo's 2004 methamphetamine conviction and his long-standing history of alcohol abuse and related convictions.  The IJ's comments regarding the the merits of Martinez-Castillo's pending appeal of the 2004 methamphetamine conviction and the contents of a pre-sentence report may have been speculative, but the comments do not demonstrate bias or otherwise demonstrate the

proceedings were "so fundamentally unfair that [Martinez-Castillo] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks and citation omitted). Accordingly, we deny Martinez-Castillo's petition for review.

**PETITION DENIED.**